IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA MCDONALD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil No. 05-1350 (ESH) |
| | ) |
| ALBERTO GONZALES, | ) |
| Attorney General of the United States, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**MOTION TO DISMISS OR TRANSFER VENUE**

    Defendant, Alberto Gonzales, Attorney General of the United States, by and through his undersigned counsel, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Neil R. White, Assistant United States Attorney for said District and Special Assistant United States Attorney for the District of Columbia, hereby moves, pursuant to 28 U.S.C. § 1406(a) and Fed. R. Civ. P. 12(b)(3), to dismiss the above-captioned complaint. Alternatively, Defendant moves this Court to transfer venue to the United States District Court for the Eastern District of Virginia.

    In support of this motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities and supporting declaration.

    A proposed Order is also being filed herewith.

                        Respectfully submitted,

                        Rod J. Rosenstein
                        United States Attorney

By:    / s /
       Neil R. White
       Special Assistant United States Attorney
       D.C. BAR # 478400
       36 South Charles Street, Fourth Floor
       Baltimore, Maryland 21201
       phone (410) 209-4830

Of Counsel:
Charles Smith
United States Department of Justice
Office of the General Counsel
Executive Office for Immigration Review
5107 Leesburg Pike
Falls Church, Virginia 22041

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LINDA MCDONALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 05-1350 (ESH) |
| ) | |
| ALBERTO GONZALES, ) | |
| Attorney General of the United States, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS OR TRANSFER VENUE**

**I. INTRODUCTION**

Plaintiff, Linda McDonald, a former employee of the Executive Office for Immigration Review ("EOIR"), a component agency of the United States Department of Justice, has brought this employment discrimination action pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 501, *et seq.* ("Rehabilitation Act"), alleging discrimination on the basis of her disability (back injury), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), alleging retaliation.

Plaintiff's claims should be dismissed, or the case should be transferred, because venue does not lie in this District. Throughout her employment tenure with EOIR, Plaintiff's duty station was located in Falls Church, Virginia, EOIR's headquarters, as were her personnel records. Exhibit 1 (Declaration of Deputy Chief Immigration Judge Brian O'Leary), at ¶¶ 3, 4. None of the unlawful employment actions alleged in her Complaint took place in the District of Columbia and Plaintiff does not allege that she was denied employment in the District of Columbia because of the allegedly unlawful practices.

Consequently, under the special venue provision applicable to Title VII and Rehabilitation Act cases, venue is improper in the District of Columbia.

## II. ARGUMENT

Venue in a Title VII case is governed solely by the venue provisions of Title VII, which preempts all other federal venue provisions that otherwise might apply. *Stebbins v. State Farm Mutual Automobile Ins. Co.,* 413 F.2d 1100 (D.C. Cir.), *cert. denied,* 369 U.S. 895 (1969). The venue provisions of Title VII also apply to causes of action which are brought under the Rehabilitation Act of 1973. 29 U.S.C. § 794a(a)(1)[1]; *Archuleta v. Sullivan,* 725 F. Supp. 602, 603-04 (D.D.C.,1989); *Sconion v. Thomas*, 603 F. Supp. 66, 67 (D.D.C. 1984).

For actions alleging unlawful employment discrimination pursuant to Title VII, venue is governed by 42 U.S.C. § 2000e-5(f)(3), which provides that:

> Such an action may be brought in [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

---

[1] 29 U.S.C. § 794a(a)(1) provides, in pertinent part:

> The remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16), *including the application of sections 706(f) through 706(k) (42 U.S.C. 2000e-5(f) through (k)),* shall be available, with respect to any complaint under section 791 of this title, to any employee or applicant for employment aggrieved by the final disposition of such complaint, or by the failure to take final action on such complaint . . . .

(Emphasis added).

In determining proper venue pursuant to this provision, the first inquiry is the locus of the alleged discrimination. *Washington v. General Electric Corp.*, 686 F. Supp. 361 (D.D.C. 1988). "Venue determinations of where a claim arose are based on a 'common sense appraisal' of events having operative significance in the case." *Donnell v. National Guard Bureau*, 568 F. Supp. 93, 94 (D.D.C. 1983) (quoting *Lamont v. Haig*, 590 F.2d 1124, 1134 (D.C. Cir. 1978)). "Title VII determinations of the locus of disputed employment practices should be examined in a similar vein." *Id.*

When "a substantial part, if not all, of the employment practices challenged in [an] action [were] committed in [a particular district]," that is the proper locus of the alleged discriminatory acts. *Id.*; *Mackey v Sullivan*, 55 FEP (BNA) 1134, 1991 WL 128510 (D.D.C. 1991) (same). Peripheral acts in another district that "may have had an impact on plaintiff's situation" do not change that conclusion. *Donnell*, 568 F. Supp. at 94 (ministerial actions of agency personnel and EEO offices in the District of Columbia do not place the locus of acts in the District of Columbia); *see also Shipkovitz v. Mosbacher*, 1991 WL 251864, at *7 (D.D.C. 1991) (agency's processing of EEO complaint in District of Columbia does not place locus of acts in the District of Columbia).

In this case, Plaintiff's Complaint does not contain any allegations of discriminatory acts or unlawful employment practices committed within the District of Columbia. She makes no mention of employment records relevant to the alleged discrimination existing in the District of Columbia or that, but for the alleged discrimination, she would have worked in the District of Columbia. Thus, the first three prongs of the statute cannot confer venue in the District of Columbia.

Plaintiff alleges that Defendant "resides" in this judicial district, Complaint, ¶ 4, and that he is head of an agency "which is subject to the jurisdiction of this Court in this district." *Id.* at ¶ 5.

Neither of these allegations is legally relevant for purposes of establishing venue under § 2000e-5(f)(3). The location of Defendant's principal offices has pertinence <u>only if</u> the defendant cannot be found in any of the other jurisdictions where venue would lie under one of the first three prongs, which is plainly not the case here.

Plaintiff worked for EOIR at its Falls Church, Virginia offices and the employment records relevant to her claims are located there. Exhibit 1 (O'Leary Declaration), at ¶ 3. Employing the statutory language, Defendant can be "found" in the Eastern District of Virginia. Consequently, the fourth prong of the statute simply is not triggered. *Stebbins*, 413 F.2d at 1102-03 ("only where the putative employer cannot be brought before the court in one of those districts may the action be filed in the judicial district in which he has 'his principal office'"); *Spencer v. Rumsfeld*, 209 F. Supp. 2d 15, 18 (D.D.C. 2002) (The statute's fourth venue provision only applies if the defendant cannot "be found" in any of the first three judicial districts."); *see also Darby v. United States Dep't of Energy*, 231 F. Supp. 2d 274, 278 n.2 (D.D.C. 2002) (in rejecting the plaintiff's claim that venue was proper in the District of Columbia because "the Department of Energy Chief Financial Officer (CFO) is under the direct management control of the Secretary of Energy, both located in Washington, D.C.," court explained that "[t]he Title VII venue statute, however, does not authorize venue based on the location where management control is exercised.").

As such, venue is improper in the District of Columbia. Where a plaintiff files in the wrong district, 28 U.S.C. § 1406(a) directs courts to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. Accordingly, Plaintiff's Complaint should be dismissed or transferred to the Eastern District of Virginia.

### III. CONCLUSION

For the reasons set forth above, Defendant respectfully requests that Plaintiff's Complaint be dismissed for improper venue or, in the alternative, that her claims be transferred to the United States District Court for the Eastern District of Virginia.

                                        Respectfully submitted,

                                        Rod J. Rosenstein
                                        United States Attorney


                                    By:    / s /
                                        Neil R. White
                                        Special Assistant United States Attorney
                                        D.C. BAR # 478400
                                        36 South Charles Street, Fourth Floor
                                        Baltimore, Maryland 21201
                                        phone (410) 209-4830

Of Counsel:
Charles Smith
United States Department of Justice
Office of the General Counsel
Executive Office for Immigration Review
5107 Leesburg Pike
Falls Church, Virginia 22041